Cullen, J.
We think the special term erred in finding that there was due to Cassius M. Smith the sum of $1,500 on the mortgage made the defendant, Edwin P. Smith. The plaintiff and Edwin had together built a skating rink which cost about $7,000. Each party contributed his share. Edwin contributed $1,800 in cash, $1,000 of which he borrowed from his wife, the present appellant. He put in the further sum of $1,500, represented by two notes indorsed by the plaintiff, upon which the money was obtained. These notes were subsequently taken up by the plaintiff. Hence, Edwin had $8,800 invested in the rink, foi $1,500 of which he owed the plaintiff On November 12 1885 Edwin executed a bill of sale of his share of the rink for a recited consideration of one dollar, and executed the mortgage to secure the payment to plaintiff of the two notes. The story of the sale of Edwin’s share is told by the plaintiff, who was the only witness on the subject. He says he told Edwin that he had determined to dissolve, that he would sink the $1,800 he had put in and let .Edwin take the rink, or Edwin would sink the $1,800 he and his wife had put in, and plaintiff should take the rink and pay the debts. Edwin said he could not pay the difference, and that plaintiff would take the rink.' This, though meagre, is the whole narrative of the transaction. I can-no'. see how effect can be given to it, unless it be held that the transfer of Edwin’s interest paid the notes. -The offei of the plaintiff was that either *868 should lose $1,800, and the other party take the rink. It was not intended that either party should have the rink for the mere payment of the debts. These amounted to some three or four hundred dollars, while the value of the structure was $2,500 even to remove from the ground. Nor was there any mistake by the plaintiff as to the amount of Edwin’s investment, for he spoke of the $1,800 advanced by Edwin and his wife, and he himself held the notes for the $ 1,500 Edwin’s answer to the plaintiff’s proposal was that he, Edwin, could not pay the difference, and hence the plaintiff must take the rink. Now this difference could be but one thing—the difference between the $1,800 that was to be lost by the retiring party and his total investment of $3,300. If eiher party was to take the rink for its debts, what was the difference to be paid the plaintiff ? In case the plaintiff took the rink, no actual payment was necessary, as the difference was owing him from Edward. What was the reason that led to the execution of the mortgage, whetl or it was an honest misapprehension of an attempt to cover up Edwin’s property, we can only surmise. But as we find that the debt, to secure which it was given, was paid by the sale of the rink, the mortgage had no validity so far as it applied to plaintiff’s claim.
The judgment, so far as appealed from, should be reversed and a new trial ordered, costs to abide event.
Pratt and Dykman, JJ., concur.